UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

In re JOHN T. CHASE,

        Debtor.

------------------------------------------------------------- X

------------------------------------------------------------- X

JOHN T. CHASE,

        Petitioner,

    - against -

KRISTIN CHASE,

        Respondent.

------------------------------------------------------------- X

**MEMORANDUM OPINION AND ORDER**

**06 Civ. 13743 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

Petitioner John T. Chase appeals an order of the bankruptcy court arising from the confluence of his bankruptcy and matrimonial proceedings. For the reasons stated below, the decision of the bankruptcy court is affirmed.

## II. BACKGROUND[1]

---

[1] This section reviews only those facts that are directly relevant to the instant appeal. A more complete summary of the parties' litigation history can be found in the report and recommendation of Magistrate Judge Andrew J. Peck,

1

The parties were married on April 8, 2000. On July 1, 2003, respondent sued in state court for divorce and spousal maintenance.[2] Petitioner counter-sued for divorce. On July 21, 2004, the court ordered petitioner to pay child support, to provide health insurance for the child, and to "bring the mortgage current and make monthly payments until further order."[3] The court stated that this order was "a reasonable accommodation between the reasonable needs of [respondent] and the financial ability of [petitioner] and [was] determined with due regard to the pre-separation standard of living."[4] Two months later, respondent initiated contempt proceedings in the New York Supreme Court for petitioner's failure to comply with the court's order.

On October 12, 2005, petitioner filed a bankruptcy petition under chapter 7 of title 11 of the United States Code in the United States Bankruptcy

---

prepared in the course of a civil rights claim brought by petitioner against respondent, her mother, a family court judge involved in the parties' matrimonial dispute, and several others. *See* Report and Recommendation, *Chase v. Czajka*, No. 04 Civ. 8228, 2005 WL 668535, at *1-3 (S.D.N.Y. Mar. 23, 2005). That action was dismissed. *See Chase v. Czajka*, No. 05 Civ. 0779, 2007 WL 680741 (N.D.N.Y. Feb. 28, 2007); Report and Recommendation, *Chase v. Czajka*, No. 04 Civ. 8228, at 5 (S.D.N.Y. May 12, 2005).

[2] *See* Appellant's Brief ("Pet. Mem.") at 5.

[3] Amended Decision and Order, *Chase v. Chase*, No. 8471-04, at 5 (Sup. Ct. Columbia Co. July 21, 2004).

[4] *Id.*

2

Court for the Southern District of New York.[5] On May 19, 2006, respondent again moved in New York Supreme Court to hold petitioner in contempt for his failure to comply with the state court order.[6] Petitioner argued that his bankruptcy petition automatically stayed his obligation to pay the mortgage.

Petitioner then moved in the bankruptcy court to hold respondent in contempt for her violation of the automatic stay. On June 21, 2006, the bankruptcy court held that respondent's conduct did not violate the stay because respondent was attempting to collect non-dischargeable debts from non-estate assets of the debtor.[7] However, shortly thereafter, the court *sua sponte* announced its intention to reconsider its order and hold an evidentiary hearing.

On October 17, 2006, the bankruptcy court ruled that there was no need for an evidentiary hearing because there were no grounds for reconsideration, and collateral estoppel and res judicata prevented the court from rehearing the motion.[8] The court further observed that it had found the state court's order requiring payment of the mortgage to be non-dischargeable because the payments

---

[5] *See In re John T. Chase*, No. 05-45706 (Bankr. S.D.N.Y. Oct. 31, 2006).

[6] *See id.*

[7] *See* 6/21/06 Minutes of Proceedings, *In re John T. Chase*.

[8] *See* 10/17/06 Minutes of Proceedings, *In re John T. Chase*.

3

were in the nature of support and maintenance.[9] Petitioner moved for reconsideration and the court denied that motion on October 31, 2006.[10]

Petitioner now appeals the bankruptcy court's order denying reconsideration.[11] Petitioner essentially asks for review of the bankruptcy court's holding that the automatic stay does not apply to the state court's domestic support order, and argues that the state court erred in holding petitioner in contempt for disobeying the mortgage payment provisions of the 2004 Order.

## III. APPLICABLE LAW

### A. Appeals of Bankruptcy Court Orders

#### 1. Final Order

The district courts are vested with appellate jurisdiction over bankruptcy court rulings.[12] Final orders of the bankruptcy court may be appealed to the district court as of right.[13] An order is final if "[n]othing in the order . . .

---

[9] *See id.*

[10] *See* 10/31/06 Order Denying Debtor's Motion for Reconsideration, *In re John T. Chase.*

[11] *See* Pet. Mem. at 1.

[12] *See* 28 U.S.C. § 158(a).

[13] *See id.* § 158(a)(1).

indicates any anticipation that the decision will be reconsidered."[14]

### 2. Standard of Review

A district court functions as an appellate court in reviewing judgments rendered by bankruptcy courts.[15] Findings of fact are reviewed for clear error.[16] A finding of fact is clearly erroneous if the court is "'left with the definite and firm conviction that a mistake has been committed.'"[17] A bankruptcy court's conclusions of law, by contrast, are reviewed de novo.[18]

### B. Collection of Domestic Support Obligations During Bankruptcy

Section 362 of title 11 of the United States Code provides that the filing of a bankruptcy petition acts as an automatic stay of "the commencement or

---

[14] *In re Palm Coast, Matanza Shores Ltd. P'Ship*, 101 F.3d 253, 256 (2d Cir. 1996).

[15] *See In re Sanshoe Worldwide Corp.*, 993 F.2d 300, 305 (2d Cir. 1993) ("[Appellant] relies on several cases for the reasonable proposition that the district court acts as an appellate court in reviewing a bankruptcy court's judgments.").

[16] *See* Fed. R. Bankr. P. 8013 ("Findings of fact . . . shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."); *see also In re Cody, Inc.*, 338 F.3d 89, 94 (2d Cir. 2003).

[17] *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir. 1990) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[18] *See In re Cody*, 338 F.3d at 94; *In re 139-141 Owners Corp.*, 313 B.R. 364, 367 (S.D.N.Y. 2004).

5

continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . ."[19] However, there is no automatic stay "of the collection of a domestic support obligation from property that is not property of the estate . . . ."[20]

Whether an award made in the context of a matrimonial dispute is a domestic support obligation is a question of federal law.[21] "Whether a payment is in the nature of alimony, maintenance, or support is a question of fact . . . ."[22] Therefore, the finding that a debt is a domestic support obligation is "a factual determination of the bankruptcy court, and as such is subject to reversal only if clearly erroneous."[23] In determining the intent of the parties, "[a]ll evidence, direct or circumstantial, [that] tends to illuminate the parties' subjective intent" is

---

[19] 11 U.S.C. § 362(a)(1). *See also In re Shepard*, 97 F. 187, 187 (S.D.N.Y. 1899) ("[A] discharge in bankruptcy would not release the obligation to pay alimony, and, therefore, the stay, under section 11, should be denied.").

[20] *Id.* § 362(b)(2)(B).

[21] *See* H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 364 (1977) ("What constitutes alimony, maintenance, or support, will be determined under the bankruptcy laws, not state law.").

[22] *Carlin-Blume v. Carlin*, 314 B.R. 286, 291 (S.D.N.Y. 2004) (citation omitted).

[23] *Falk & Siemer v. Maddigan (In re Maddigan)*, 312 F.3d 589, 595 (2d Cir. 2002).

6

relevant.[24]

IV.  DISCUSSION

A.  State Court Order

Despite repeated warnings that this Court would not embroil itself in the parties' matrimonial dispute, petitioner has submitted a brief that largely addresses the propriety of the state court decisions.[25] Not to be outdone, respondent has failed to submit a memorandum of law, but instead has submitted more than one hundred pages of material that directly addresses the couple's matrimonial dispute.[26] The parties are fundamentally mistaken about the nature of the current proceeding. This is an appeal of a decision by the bankruptcy court, and, as the parties were repeatedly informed, the Court will reach only the narrow

---

[24]  *In re Brody*, 3 F.3d at 38 (citations omitted).

[25]  *See* Pet. Mem. at 9-16, 19-22 (arguing that the state court was mistaken when it ordered petitioner to pay the mortgage, that respondent's state court application for contempt of court was legally deficient, that the state court order was not sufficiently "clear and explicit to permit a contempt finding," that the state court's subsequent order that the parties sell the house abrogated the contempt order, that the state court lacked jurisdiction to enforce the contempt order, and that the contempt judgment was legally insufficient).

[26]  Despite weeks of extensions of the due date, respondent failed to submit a responsive memorandum of law. As a result, petitioner was not permitted to file a reply brief.

question of whether the bankruptcy court's decision was correct.[27]

## B. Bankruptcy Court Hearings

Petitioner argues that the bankruptcy court erred in holding without a hearing that respondent's attempts to collect on the New York Supreme Court's orders did not violate the automatic stay that was triggered by his bankruptcy proceeding.[28] Because nothing in the bankruptcy court's order indicated any possibility that the order was subject to further review, the order is final for purposes of appellate review.

The bankruptcy court's findings that the state court order is in the nature of a support payment and that respondent is not seeking to collect from the debtor's estate are not clearly erroneous. The court took proper notice of the

---

[27] Even were these issues properly presented, this Court could not consider them. Of the federal courts, only the Supreme Court has jurisdiction to "to reverse or modify a state-court judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (internal citations omitted). *Accord Rooker v. Fidelity Trust*, 263 U.S. 413, 416 (1923); *Forsdick v. Turgeon*, 812 F.2d 801, 803-04 (2d Cir. 1987) ("An inquiry of the sort urged by the husband would put federal courts in the position of modifying the matrimonial decrees of state courts, thus interfering with the delicate state systems for dealing with the dissolution of marriages and the difficult and complex results that flow therefrom. State-crafted family law mechanisms should not be disturbed by federal court intervention unless there is an unmistakable mandate from congress to do so in order to achieve a valid federal objective.") (citation omitted).

[28] Pet. Mem. at 10, 16-17.

8

circumstances surrounding the award, including that the state court considered child support payments and payments made by respondent for household maintenance, utilities, and nursery school in making its award.[29] The bankruptcy court also properly determined that while the state court observed that it was not awarding temporary maintenance, it nonetheless required the payments in question "in the context of education and shelter" of the child.[30] In its award of mortgage payments, the state court also observed that petitioner "has not been asked to pay all the carrying charges on the marital residence as well as child support. He is not, in effect, paying for the child's shelter twice. [Respondent] remains liable for the utilities and household maintenance, and has been assessed with a portion of the child support."[31] The decision further explained that the award was a "reasonable accommodation" between petitioner's financial ability and respondent's needs, measured "with due regard to the pre-separation standard of living."[32] Combined with the evidence already discussed, these statements strongly indicate that the award was in the nature of support, not distribution of

---

[29] *See* 10/17/06 Minutes, at 3.

[30] *Id.*

[31] Amended Decision and Order, *Chase v. Chase*, No. 8471-04, at 5 (Sup. Ct. Columbia Co. July 21, 2004).

[32] *Id.*

9

marital property.

The bankruptcy court also noted that respondent had not sought payment from the estate.[33] There is no evidence whatsoever to suggest that this is incorrect.

After an independent review of the evidence, I am not "'left with the definite and firm conviction that a mistake has been committed.'"[34] The bankruptcy court properly applied the law governing domestic support to the underlying facts. The Court has considered petitioner's other arguments and finds them to be without merit.

## V. CONCLUSION

The order of the bankruptcy court is affirmed. The Clerk of the Court is directed to close this case. The parties are strongly cautioned not to move for reconsideration of this Order unless they have a good-faith basis to do so.

SO ORDERED:

---

[33] *See id.* at 4.

[34] *In re Manville Forest Prods.*, 896 F.2d at 1388 (quoting *United States Gypsum Co.*, 333 U.S. at 395).

10

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
January 22, 2008

## - Appearances -

**Petitioner (pro se):**

John T. Chase
1955 First Avenue, apt. 227
New York, New York 10029

**Respondent (pro se):**

Kristin F. Chase
17 Cherry Lane
Huntington, New York 11743